UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH M. DORR,

        Plaintiff,

-v-                             Case No. 05-73074

                                     HON. LAWRENCE P. ZATKOFF

CITY OF ECORSE, a
municipal corporation, and
LARRY SALISBURY, in his official
and individual capacity,

        Defendants.
_____/

## OPINION AND ORDER

### I.  INTRODUCTION

This matter is before the Court upon its own Motion. Plaintiff filed a claim under 42 U.S.C. § 1983 against the City of Ecorse and its Mayor, Larry Salisbury, in his official and individual capacity, claiming, *inter alia*, that he was deprived of his rights under the Just Compensation Clause of the Fifth Amendment. *See* U.S. CONST. amend. V, cl. 5. In effect, Plaintiff claimed that Defendants' actions caused him to lose all economically viable use of his property without compensation.

Two issues related Plaintiff's claims merit discussion. First, the parties' proposed jury instructions were inadequate to instruct the jury on the applicable law, requiring the Court to rewrite them entirely. Second, Plaintiff's takings claim, upon review, was not properly before the Court because he had not exhausted available state law procedures for obtaining just compensation. The Court finds that Plaintiff's claim based on the Just Compensation Clause is not ripe and must be dismissed.

## II.  DISCUSSION

**A. Jury Instructions**

In its Scheduling Order, dated November 9, 2005, the Court ordered both parties to submit joint jury instructions on the applicable law in this case. The Order states:

> **Joint jury instructions** for jury cases, or individual proposed findings of fact and conclusions of law for non-jury cases, must be submitted to the Court on the first day of trial. Joint jury instructions shall only include instructions on the substantive law and shall not include preliminary instructions, headings, citations, or captions. Joint jury instructions shall be submitted in paper form **and** on 3.5" computer diskette, compatible with WordPerfect 8.0.

Scheduling Order at 2. The Court re-emphasized this Order at the Final Pretrial Conference on September 13, 2006.

Despite having well over one year to confer regarding jury instructions, the parties were not able to submit joint instructions on the law when requested by the Court. Instead, the parties each submitted their own instructions. These instructions, which are included as appendices to this Order, were entirely inadequate. Defendants' initial submission consisted of over 80 pages of form instructions that were entirely inapplicable to this case. *See* Appendix A. Similarly, Plaintiff's initial submission, while more on point, looked as if the instructions had been directly copied from a form book and were submitted without any modification. *See* Appendix B.

Due to these inadequacies, the Court allowed the parties extra time to meet and submit joint instructions on the law. Nevertheless, the final product was a mishmash of form instructions in no particular order and many of which did not apply to the case. *See* Appendix C. Furthermore, the parties did not include any instructions with regard to Plaintiff's procedural due process claim. The instructions as to Plaintiff's substantive due process claim consisted of one short page, which was wholly insufficient to instruct a jury on the intricacies of substantive due process.

2

In light of the significant deficiencies in the parties' submissions, the Court concluded that it was necessary to depart from the parties' instructions and instruct the jury using its own instructions on the law. The Court informed the parties on the record as to its intention and received no objections. Finally, the parties were given ample opportunity to review the Court's instructions and raised no objections as to their substance.

## B.  Plaintiff's Takings Claim

The Supreme Court's decision in *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*, 473 U.S. 172 (1985), controls the disposition of this issue. "The Fifth Amendment does not proscribe the taking of property; it proscribes taking without just compensation." *Williamson*, 473 U.S. at 194. Furthermore, there is no constitutional requirement that the just compensation be paid prior to the taking. *See id.* "[A]ll that is required is that a reasonable, certain and adequate provision for obtaining compensation exists at the time of the taking." *Id.* (*quoting Regional Rail Reorganization Act Cases*, 419 U.S. 102, 124-25 (1974)) (internal quotations omitted). Accordingly, if the government "has provided an adequate process for obtaining compensation, and if resort to that process 'yield[s] just compensation,' then the property owner 'has no claim against the Government' for a taking." *Id.* at 195 (*quoting Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1013 (1984)).

Where a plaintiff asserts a takings claim against a State, if the State "provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause *until it has used the procedure and been denied just compensation.*" *Id.* (emphasis added). Thus, unless a plaintiff has shown that an adequate procedure is unavailable or inadequate, a takings claim is not ripe. *See id.* at 197; *Warren v. City of Athens, Ohio*, 411 F.3d 697,

3

705 (6th Cir. 2005); *G.M Engineers & Assoc., Inc. v. West Bloomfield Twp.*, 922 F.2d 328, 331 (6th Cir. 1990); *Four Seasons Apartment v. City of Mayfield Heights*, 775 F.2d 150, 151-52 (6th Cir. 1985). This requirement is jurisdictional and not waivable, and can be raised for the first time by the Court sua sponte. *See Acierno v. Mitchell*, 6 F.3d 970 (3rd Cir. 1993); *Samaad v. City of Dallas*, 940 F.2d 925 (5th Cir. 1991); *Southern Pacific Transp. Co. v. Los Angeles*, 922 F.2d 498 (9th Cir. 1990), *cert. denied*, 502 U.S. 943 (1991).

Michigan provides adequate procedures for obtaining just compensation. *See G.M. Engineers*, 922 F.2d at 331; *Peterman v. Dep't of Natural Resources*, 446 Mich. 177, 187-88 (1994). In the present case, Plaintiff has not pursued his inverse condemnation claim against Defendants under Michigan's existing procedures. As such, it cannot be said at this point that Plaintiff has been denied just compensation. Therefore, based on the Supreme Court's construction of the Fifth Amendment Just Compensation Clause, Plaintiff's claim is not ripe.

### III.  CONCLUSION

IT IS ORDERED that Plaintiff's claim based on the Fifth Amendment Just Compensation Clause is HEREBY DISMISSED.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff
HON. LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Date: January 30, 2007

4

APPENDIX A

Summary of Contents

1. PRELIMINARY INSTRUCTIONS
1.1            Duty of Jury
1.2            Claims and Defenses
1.3            What Is Evidence
1.4            What Is Not Evidence
1.5            Evidence for Limited Purpose
1.6            Direct and Circumstantial Evidence
1.7            Ruling on Objections
1.8            Credibility of Witnesses
1.9            Conduct of the Jury
1.10           No Transcript Available to Jury
1.11           Taking Notes
1.12           Outline of Trial
1.13           Burden of Proof—Preponderance of the Evidence
1.14           Burden of Proof—Clear and Convincing Evidence
1.15           Question to Witnesses by Jurors
1.16           Jury to Be Guided by Official English Translation/Interpretation


2. INSTRUCTIONS DURING TRIAL
2.1
         Cautionary Instruction—First Recess
2.2
         Bench Conferences and Recesses
2.3
         Stipulated Testimony
2.4
         Stipulations of Fact
NK\l"a25"2.5

         Judicial Notice
2.13
         Use of Interrogatories of a Party


3. INSTRUCTIONS AT END OF CASE
3.0
         Cover Sheet
3.1
         Duties of Jury to Find Facts and Follow Law
3.2
         What Is Evidence
3.3

What Is Not Evidence

3.5

Direct and Circumstantial Evidence

3.6

Credibility of Witnesses

3.7

Opinion Evidence, Expert Witnesses

3.8

Causation

3.9

Charts and Summaries Not Received in Evidence

3.10

Charts and Summaries in Evidence

3.11

Two or More Parties—Different Legal Rights

3.12

Impeachment Evidence—Witness

4. CONCLUDING INSTRUCTIONS—JURY DELIBERATIONS

4.1

Duty to Deliberate

4.2

Use of Notes

4.3

Communication With Court

4.4

Return of Verdict

4.5

Additional Instructions of Law

4.6

Deadlocked Jury

5. BURDENS OF PROOF

5.1

Burden of Proof—Preponderance of the Evidence

5.2

Burden of Proof—Clear and Convincing Evidence

5.3

Complete Affirmative Defense

6. VICARIOUS LIABILITY; INDEPENDENT CONTRACTORS

6.1

Corporations and Partnerships—Fair Treatment

6.2

Liability of Corporations—Scope of Authority Not in Issue

6.3

Liability of Partnerships—Scope of Authority Not in Issue

6.4
    Agent and Principal—Definition

6.5
    Agent—Scope of Authority Defined

6.6
    Act of Agent Is Act of Principal—Scope of Authority Not in Issue

6.7
    Both Principal and Agent Sued—No Issue as to Agency or Authority

6.8
    Principal Sued but Not Agent—No Issue as to Agency or Authority

6.9
    Both Principal and Agent Sued—Agency or Authority Denied

6.10
    Principal Sued but Not Agent—Agency or Authority Denied

6.11
    Independent Contractor—Definition

6.12
    General Partnership—Definition

6.13
    General Partnership—Scope of Partnership Business Defined

K\l"a614"6.14
    General Partnership—Act of Partner Is Act of All Partners

6.15
    General Partnership—Liability of Partner—No Issue as to Partnership, Agency, or Scope of Authority

6.16
    Partnership—Existence Admitted—Scope of Partnership Business in Issue—Effect

6.17
    Partnership—Existence of Partnership in Issue—Effect

7. DAMAGES

7.1
    Damages—Proof

7.2
    Measures of Types of Damages

7.3
    Damages—Mitigation

7.4
    Damages Arising in the Future—Discount to Present Cash Value

7.5
    Punitive Damages

7.6
    Nominal Damages

11. CIVIL RIGHTS ACTIONS—42 U.S.C. § 1983

11.1
    Violation of Federal Civil Rights—Elements and Burden of Proof
11.2
    Under Color of Law Defined
11.4
    Excessive Force—Unreasonable Seizure—Lawful Arrest
11.5
    Unreasonable Search—Generally
11.6
    Unreasonable Search—Exceptions to Warrant Requirement—Search Incident to Lawful Arrest
11.7
    Unreasonable Search—Exceptions to Warrant Requirement—Consent
11.8
    Unreasonable Search—Exceptions to Warrant Requirement—Exigent Circumstances
11.8A
    Unlawful Detention in Connection With Execution of Search Warrant
11.9
    Violation of Prisoner's Federal Civil Rights Eighth Amendment—Excessive Force
11.10
    Violation of Prisoner's Federal Civil Rights Eighth Amendment—General Conditions of Confinement Claim
11.11
    Violation of Prisoner's Federal Civil Rights—Eighth Amendment—Medical Care
11.12
    Municipal Liability
11.13
    Official Policy Makers
11.14
    Municipal Liability—Failure to Train—Elements and Burden of Proof

12. CIVIL RIGHTS–TITLE VII-EMPLOYMENT DISCRIMINATION; HARASSMENT; RETALIATION
12.1A
    Disparate Treatment—Where Evidence Supports "Sole Reason" or "Motivating Factor"
12.1B
    Disparate Treatment—"Sole Reason"—Elements and Burden of Proof
12.1C
    Disparate Treatment—"Motivating Factor"— Elements and Burden of Proof
12.2A
    Hostile Work Environment—Harassment Because of Protected Characteristics—Elements

12.2B

   Hostile Work Environment Caused by Superior—Claim Based Upon Vicarious Liability—Tangible Employment Action—Affirmative Defense
12.2C

   Hostile Work Environment Caused by Non-Immediate Supervisor or by Co-Worker—Claim Based on Negligence
12.3A

   Retaliation—Elements
12.4A.1

   "Adverse Employment Action" In Retaliation Cases
12.4A.2

   "Adverse Employment Action" In Disparate Treatment Cases
12.4B

   Tangible Employment Action Defined
12.4C

   Constructive Discharge Defined
12.5A

   Defense—Bona Fide Occupational Qualification
12.5B

   Defense—Bona Fide Seniority System
12.5C

   Defense—After-Acquired Evidence

13. SEX DISCRIMINATION—TITLE VII  [This chapter is superseded by revised Chapter 12.]

14. AGE DISCRIMINATION
14.1

   Age Discrimination—Disparate Treatment—Elements and Burden of Proof—Discharge
14.2

   Age Discrimination—Disparate Treatment—Elements and Burden of Proof—Failure or Refusal to Hire—No Affirmative Defense
14.3

   Age Discrimination—Disparate Treatment—Affirmative Defense—Bona Fide Occupational Qualifications
14.4

   Age Discrimination—Disparate Treatment—Affirmative Defense—Bona Fide Seniority

System
14.5
       Age Discrimination—Disparate Treatment—Affirmative Defense—Bona Fide Employee
Benefit Plan
14.6
       Age Discrimination—Disparate Impact—Elements and Burden of Proof—Discharge
14.7
       Age Discrimination—Disparate Impact—Defense—Business Necessity
14.8
       Age Discrimination—Damages—Compensatory—Reduction—Mitigation
14.9
       Willful Age Discrimination—Damages

15. AMERICANS WITH DISABILITIES ACT
15.1
       Preliminary Instruction—ADA Employment Actions
15.2
       Elements of ADA Employment Action
15.3
       Physical or Mental Impairment
15.4
       Work as a Major Life Activity
15.4A

       A Manual Task as Major Life Activity
15.5
       Corrected or Mitigated Disability
15.6
       Qualified Individual
15.7
       Ability to Perform Essential Functions—Factors
15.8
       Reasonable Accommodation
15.9
       Undue Hardship
15.10
       Discrimination—Retaliation
15.11
       Business Necessity as a Defense
15.12
       Defense—Direct Threat

16. LABOR (INCLUDING FAIR REPRESENTATION)
16.1
       LMRA § 301—Duty of Fair Representation—Elements and Burden of Proof—Hybrid Claim
16.2
       LMRA § 301—Duty of Fair Representation—Hybrid Claim—Damages

17. ANTITRUST

18. TRADEMARK
18.0
       Preliminary Instruction—Trademark
INK\l"a181"18.1

       Definition of Mark—Generally
18.2
       Definition—Trade Dress—Generally
18.3
       Definition—Trade Name/Commercial Name—Generally
18.4
       Trademark Liability—Theories and Policies
18.5
       Infringement—Elements and Burden of Proof—Trademark or Trade Dress
18.5A
Infringement—Elements and burden of Proof—Trade Dress—(15 U.S.C. 1125(a)(1))
18.6
       Infringement—Elements—Presumed Validity and Ownership—Registered Marks
18.7
       Infringement—Elements—Validity—Unregistered Marks
18.8
       Infringement—Elements—Validity—Unregistered Marks—Distinctiveness
YPERLINK\l"a189"18.9

       Infringement—Elements—Validity—Distinctiveness—Secondary Meaning
18.10
       Infringement—Elements—Validity—Trade Dress—Non–Functionality Requirement
18.11
       Infringement—Elements—Ownership—Generally
18.12
       Trademark Ownership—Assignee
18.13
       Trademark Ownership—Licensee
18.14
       Trademark Ownership—Merchant or Distributor
18.15
       Infringement—Elements—Likelihood of Confusion—Factors—*Sleekcraft* Test
18.16
       Likelihood of Confusion—Factor—Strength or Weakness of Trademark
18.17
       Inducing Infringement—Elements and Burden of Proof
18.18
       Contributory Infringement—Elements and Burden of Proof
18.19

11

Defenses — Abandonment — Affirmative Defense — Defendant's Burden of Proof
18.20
Defenses—Continuous Prior Use Within Remote Geographic Area—Affirmative Defense
18.21
Defenses—Fair Use
18.22
Trademark Damages—Actual or Statutory Notice
18.23
Trademark Damages—Plaintiff's Actual Damages
18.24
Trademark Damages—Defendant's Profits
18.25
Trademark Damages—Intentional Infringement

19. PATENTS

20. COPYRIGHT
20.0
Preliminary Instruction—Copyright
20.1
Copyright—Defined (17 U.S.C. § 106)
20.2
Copyright—Subject Matter (17 U.S.C. § 501)
20.3
Copyright—Subject Matter—Ideas and Expression (17 U.S.C. § 102(b))
20.4
Copyright Infringement—Elements—Ownership and Copying (17 U.S.C. § 105 (a)-(b))
20.5
Copyright Infringement—Definition—Elements—Ownership interests (17 U.S.C. § 201–205)
20.6
Copyright Interests—Authorship (17 U.S.C. § 201(a))
20.7
Copyright Interests—Joint Authors (17 U.S.C. §§ 101, 201(a))
20.8
Copyright Interests—Authors of Collective Works (17 U.S.C. § 201(c))
20.9
Copyright Interests—Work Made for Hire (17 U.S.C. § 201(b))
20.10
Copyright Interests—Assignee (17 U.S.C. § 201(d)(1))
20.11
Copyright Interests—Exclusive Licensee (17 U.S.C. § 201(d)(2))
20.12
Copyright Infringement—Definition—Original Elements of a Work
20.13
Derivative Work (17 U.S.C. §§ 101, 106(2))
20.14

Compilation (17 U.S.C. § 101)
20.15
Copyright Infringement—Definition—Copying—Access and Substantial Similarity
20.16
Copying—Access Defined
20.17
Substantial Similarity—Extrinsic Test; Intrinsic Test
20.18
Affirmative Defense—Fair Use (17 U.S.C. § 107)
20.19
Affirmative Defense—Abandonment
20.20
Derivative Liability—Vicarious Infringement—Elements and Burden of Proof
20.21
Derivative Liability—Contributory Infringement—Elements and Burden of Proof
20.22
Damages—In General (17 U.S.C. § 504)
20.23
Damages—Actual Damages (17 U.S.C. § 504(b))
20.24
Damages—Defendant's Profits (17 U.S.C. § 504(b))
20.25
Damages—Statutory Damages—Willful Infringement—Innocent Infringement (17 U.S.C. § 504(c))

21. SECURITIES ACT
21.0
Securities Act—Preliminary Instruction
21.1
Securities—Misrepresentation—Elements and Burden of Proof (15 U.S.C. § 78j(b))
21.2
Securities—Misrepresentations or Omissions and Materiality—Definitions (15 U.S.C. §§ 78j(b) and 77k)
21.3
Securities—Scienter—Knowledge—Definition (15 U.S.C. § 78j(b))
21.4
Securities Act—Excessive Trading (Churning)—Elements and Burden of Proof (15 U.S.C. § 78j(b), Rule 10b–5)
21.5
Securities Act—Excessive Trading (Churning)—Control—Definition (15 U.S.C. § 78j(b), Rule 10b–5)
21.6
Securities Act—Excessive Trading (Churning)—Intent to Defraud—Reckless—Definition (15 U.S.C. § 78j(b), Rule 10b–5)
21.8
Securities Act—Liability of Controlling Person—Elements and Burden of Proof (15 U.S.C. § 78j(b), Rule 10b–5)

21.9
      Securities Act—Affirmative Defense of Broker or Dealer (Rule 10b–5)
21.10
      Securities Act—False or Misleading Registration Statement—Elements and Burden of Proof (15 U.S.C. § 77e, Section 11)
21.11
      Securities Act—Affirmative Defense of Waiver—Elements and Burden of Proof
21.12
      Securities Act—Affirmative Defense of Estoppel—Elements and Burden of Proof
21.13
      Securities Act—Affirmative Defense of Ratification—Elements and Burden of Proof

INK\l"aa22"22. CIVIL RICO

Court's Instruction No. ____
1.1

Duty Of Jury

Ladies and gentlemen: You are now the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions. At the end of the trial, I will give you more detailed instructions. Those instructions will control your deliberations.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be.

Court's Instruction No. ____
1.2

Claims And Defenses

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff claims that he was deprived of his substantive due process rights under the United States Constitution under color of state law.

The defendant denies those claims and also contends that Defendant's are entitled to governmental immunity.

Plaintiff denies defendant's claims.

Court's Instruction No. ____
1.3

What Is Evidence

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which are received into evidence; and

(3) any facts to which the lawyers stipulate.

Court's Instruction No. ____
1.4

What Is Not Evidence

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case:

(1) statements and arguments of the attorneys;

(2) questions and objections of the attorneys;

(3) testimony that I instruct you to disregard; and

(4) anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

Court's Instruction No. ____
1.5

Evidence For Limited Purpose

Some evidence may be admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

Court's Instruction No. ____
1.6

Direct And Circumstantial Evidence

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

Court's Instruction No. ____
1.7

Ruling On Objections

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

Court's Instruction No. ____
1.8

Credibility Of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness' memory;

(3) the witness' manner while testifying;

(4) the witness' interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness' testimony;

(6) the reasonableness of the witness' testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

Court's Instruction No. ____
1.9

Conduct Of The Jury

I will now say a few words about your conduct as jurors.

First, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case please let me know about it immediately;

Second, do not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it;

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me simply give a signed note to the [bailiff] [clerk] [law clerk] [matron] to give to me; and

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide that case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

Court's Instruction No. ____
1.12

Outline Of Trial

The next phase of the trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, [I will instruct you on the law that applies to the case and the attorneys will make closing arguments] [the attorneys will make closing arguments and I will instruct you on the law that applies to the case].

After that, you will go to the jury room to deliberate on your verdict.

Court's Instruction No. ____
1.13

Burden Of Proof—Preponderance Of The Evidence

When a party has the burden of proof on any claim [or affirmative defense] by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim [or affirmative defense] is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

Court's Instruction No. ____
1.14

Burden Of Proof—Clear And Convincing Evidence

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means you must be persuaded by the evidence that the claim or defense is highly probable. Such evidence requires a higher standard of proof than proof by a preponderance of the evidence.

You should base your decision on all of the evidence, regardless of which party presented it.

Court's Instruction No. ____
2.1

Cautionary Instruction—First Recess

We are about to take our first break during the trial, and I want to remind you of the instruction I gave you earlier. Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately. Do not read or listen to any news reports of the trial. Finally, you are reminded to keep an open mind until all the evidence has been received and you have heard the arguments of counsel, the instructions of the court, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the [marshal] [bailiff] [clerk] [law clerk] to give to me.

I will not repeat these admonitions each time we recess or adjourn, but you will be reminded of them on such occasions.

Court's Instruction No. ____
2.2

Bench Conferences And Recesses

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

We will, of course, do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

Court's Instruction No. ____
2.4

Stipulations Of Fact

The parties have agreed to certain facts that have been stated to you. You should therefore treat these facts as having been proved.

Court's Instruction No. ____
2.5

Judicial Notice

The court has decided to accept as proved the fact that [e.g., the city of San Francisco is north of the city of Los Angeles], even though no evidence has been introduced on the subject. You must accept this fact as true.

Court's Instruction No. ____
2.13

Use Of Interrogatories Of A Party

Evidence is now to be presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers have been given in writing and under oath, before the actual trial, in response to questions which were submitted in writing under established court procedures. The answers are entitled to the same consideration and are to be judged as to credibility and weight, and otherwise considered by you insofar as possible, as if the answers were made from the witness stand.

Court's Instruction No. ____
3.1

Duties Of Jury To Find Facts And Follow Law

Members of the jury, now that you have heard all the evidence [and the arguments of the attorneys], it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult if you find it necessary.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

Court's Instruction No. ____
3.2

What Is Evidence

The evidence from which you are to decide what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which have been received into evidence; and

(3) any facts to which the lawyers have agreed or stipulated.

Court's Instruction No. ____
3.3

What Is Not Evidence

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, [will say in their] closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. [In addition some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.]

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Court's Instruction No. ____
3.5

Direct And Circumstantial Evidence

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what the witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

Court's Instruction No. ____
3.6

Credibility Of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness' memory;

(3) the witness' manner while testifying;

(4) the witness' interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness' testimony;

(6) the reasonableness of the witness' testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

Court's Instruction No. \_\_\_\_
3.7

Opinion Evidence, Expert Witnesses

You have heard testimony from [a] person[s] who, because of education or experience, [is] [are] permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

Court's Instruction No. ____
3.8

Causation

No Instruction

Court's Instruction No. ____
3.9

Charts And Summaries Not Received In Evidence

Certain charts and summaries that have not been received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

Court's Instruction No. ____
3.10

Charts And Summaries In Evidence

Certain charts and summaries have been received into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

Court's Instruction No. ____
3.11

Two Or More Parties—Different Legal Rights

You should decide the case as to each party separately. Unless otherwise stated, the instructions apply to all parties.

Court's Instruction No. ____
4.1

Duty To Deliberate

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Court's Instruction No. ____
4.3

Communication With Court

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [marshal] [bailiff], signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

Court's Instruction No. ____
4.4

Return Of Verdict

A verdict form has been prepared for you. [*Any explanation of the verdict form may be given at this time.*] After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

Court's Instruction No. ____
5.1

Burden Of Proof—Preponderance Of The Evidence

When a party has the burden of proof on any claim [or affirmative defense] by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim [or affirmative defense] is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

Court's Instruction No. ____
5.3

Complete Affirmative Defense

On any claim, if you find that each of the elements on which the plaintiff has the burden of proof has been proved, your verdict should be for the plaintiff on that claim, unless you also find that the defendant has proved an affirmative defense, in which event your verdict should be for the defendant on that claim.

Court's Instruction No. ____
7.1
Damages—Proof

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff on plaintiff's civil rights claim, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money which will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the following:

[*Here insert types of damages. See Instruction 7.2—MEASURES OF TYPES OF DAMAGES*]

The plaintiff has the burden of proving damages by a preponderance of the evidence, and it is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

66

Court's Instruction No. ____
7.2

Measures Of Types Of Damages

In determining the measure of damages, you should consider:

[The nature and extent of the injuries;]

[The [disability] [disfigurement] [loss of enjoyment of life] experienced [and which with reasonable probability will be experienced in the future];]

[The [mental,] [physical,] [emotional] pain and suffering experienced [and which with reasonable probability will be experienced in the future];]

[The reasonable value of necessary medical care, treatment, and services received to the present time;]

[The reasonable value of necessary medical care, treatment, and services which with reasonable probability will be required in the future;]

[The reasonable value of [wages] [earnings] [earning capacity] [salaries] [employment] [business opportunities] [employment opportunities] lost to the present time;]

[The reasonable value of [wages] [earnings] [earning capacity] [salaries] [employment] [business opportunities] [employment opportunities] which with reasonable probability will be lost in the future;]

[The reasonable value of necessary [household help] [services other than medical] [and] [expenses] [_____] required to the present time;]

[The reasonable value of necessary [household help] [services other than medical] [and] [expenses] [_____] which with reasonable probability will be required in the future;]

[The reasonable value of necessary repairs to any property which was damaged;]

[The difference between the fair market value of any damaged property immediately before the occurrence and its fair market value immediately thereafter;] [and]

[The reasonable value of necessary repairs to any property which was damaged plus the difference between the fair market value of the property immediately before the occurrence and its fair market value after it is repaired.]

[The lesser of the following:

67

1. the reasonable cost of necessary repairs to any property which was damaged plus the difference between the fair market value of the property immediately before the occurrence and its fair market value after it is repaired; or

2. the difference between the fair market value of the property immediately before the occurrence and the fair market value of the unrepaired property immediately after the occurrence.]

[Such sum as will reasonably compensate for any loss of use of any damaged property during the time reasonably required for its [repair] [replacement].]

Court's Instruction No. ____
7.3

Damages—Mitigation

The plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

The defendant has the burden of proving by a preponderance of the evidence:

1. that the plaintiff failed to use reasonable efforts to mitigate damages; and

2. the amount by which damages would have been mitigated.

Court's Instruction No. ____
7.5

Punitive Damages

If you find for the plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are not to compensate the plaintiff, but to punish a defendant and to deter a defendant and others from committing similar acts in the future.

The plaintiff has the burden of proving that punitive damages should be awarded, and the amount, by a preponderance of the evidence. You may award punitive damages only if you find that defendant's conduct was malicious, oppressive or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring another. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety and rights, or the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the person who [performs] [fails to perform] it injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering punitive damages, you may consider the degree of reprehensibility of the defendant's conduct and the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff.

[Punitive damages may not be awarded against _____.] [You may impose punitive damages against one or more of the defendants and not others, and may award different amounts against different defendants.] [Punitive damages may be awarded even if you award plaintiff only nominal, and not compensatory, damages.]

71

Court's Instruction No. ____
7.6

Nominal Damages

The law which applies to this case authorizes an award of nominal damages. If you find for the plaintiff but you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

Court's Instruction No. ____
11.1

Violations Of Federal Civil Rights—Elements And Burden Of Proof

On the plaintiff's 42 U.S.C. Section 1983 claim, the plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

1. the acts or omissions of the defendant were intentional;

2. the defendant acted under color of law; and

2. the acts or omissions of the defendant were the cause of the deprivation of the plaintiff's rights protected by the Constitution or laws of the United States.

If you find that each of the elements on which the plaintiff has the burden of proof has been proved, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove any of these elements, your verdict should be for the defendant.

Court's Instruction No. ____
11.2

Under Color Of Law Defined

Acts are done under color of law when a person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. [[The parties have stipulated that] [The court has found that] the defendant acted under color of law.]

Court's Instruction No. ____
11.12

Municipal Liability

When a plaintiff is deprived of a constitutional right as a result of the official policy of the city of Ecorse, the city of Ecorse is liable for damages caused by the deprivation.

"Official policy" means:

[(1) a rule or regulation promulgated, adopted, or ratified by the governmental entity's legislative body;]

[(2) a policy statement or decision that is officially made by the city's policy-making official;

[(3) a custom that is a permanent, widespread, well-settled practice that constitutes a standard operating procedure of the city; or

[(4) an act or omission ratified by the city's policy-making official.

Court's Instruction No. ____
11.13

Official Policy—Makers

Mayor Larry Salisbury is a policy-making official of the city of Ecorse.

Court's Instruction No. ____
11.14

Municipal Liability—Failure To Train—Elements And Burden Of Proof

On the plaintiff's claim for failure to train, the plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

1. the [city's] [county's] training program was not adequate to train its [officers] [employees] to properly handle the usual and recurring situations with which they must deal;

2. the [city] [county] was deliberately indifferent to the need to train its [officers] [employees] adequately; and

3. the failure to provide proper training was the cause of the deprivation of the plaintiff's rights protected by the Constitution or laws of the United States.

"Deliberate indifference" is the conscious or reckless disregard of the consequences of one's acts or omissions. To establish deliberate indifference, the plaintiff must prove that the defendant knew that the plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to correct it.

If you find that each of the elements on which the plaintiff has the burden of proof has been proved, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove any of these elements, your verdict should be for the defendant.

# APPENDIX B

JOINT PROPOSED JURY INSTRUCTIONS ON LAW  DORR V.CITY OF ECORSE, LARRY SALISBURY
CASE NO. -CV-73074-LPZ

I.   CIVIL RIGHTS-42 USC §~ 1981-1985

Burden of Proof

I shall shortly instruct you on the elements of plaintiff's section 1983 claim,
and on the elements of defendant's qualified immunity defense. The plaintiff has
the burden of proving each and every element of his section 1983 claim by a
preponderance of the evidence. If you find that anyone of the elements of
plaintiff's section 1983 claim has not been proven by a preponderance of the
evidence, you must return a verdict for the defendant.

The defendant has the burden of proving each element of his affirmative defense.
I shall shortly instruct you on the elements of this defense. If you find that
any one of the elements of defendant's defense has not been proven by a
preponderance of the evidence, you must disregard the defense.

II.       CIVIL RIGHTS-42 USC §* 1981-1985

Elements of a Section 1983 Claim

To establish a claim under section 1983, plaintiff must establish, by a
preponderance of the evidence, each of the following three elements:
First, that the conduct complained of was committed by a person acting
under color of state law;
Second, that this conduct deprived the plaintiff of rights, privileges or
immunities secured by the Constitution or laws of the United States; and Third,
that the defendant's acts were the proximate cause of the injuries and consequent
damages sustained by the plaintiff.
I shall now examine each of the three elements in greater detail.

84

III.
First Element-Action Under Color of State Law.

Definition

The first element of the plaintiff's claim is that the defendant acted under color of state law. The phrase "under color of state law" is a shorthand reference to the words of section 1983, which includes within its scope action taken under color of any statute, ordinance, regulation, custom or usage, of any state (or territory or the District of Columbia). The term "state" encompasses any political subdivision of a state, such as a county or city, and also any state agencies or a county or city agency.
Action under color of state law means action that is made possible only because the actor is clothed with the authority of the state. Section 1983 forbids action taken under color of state law where the actor misuses power that he possesses by virtue of state law.
An actor may misuse power that he possesses by virtue of state law even if his acts violate state law; what is important is that the defendant was clothed with the authority of state law, and that the defendant's action was made possible by virtue of state law.

IV.    State Official Acting Under Color of State Law as a Matter of Law

Whether the defendant committed the acts alleged by the plaintiff is a question of fact for you, the jury, to decide. I will instruct you in a moment on how you will decide that issue. For now, assuming that the defendant did commit those acts, I instruct you that, since the defendant was an official of the State of Michigan /City of Ecorse at the time of the acts in question, he was acting under color of state law. In other words, the first statutory requirement is satisfied.

Frequently, the "under color of state law" requirement is satisfied as a matter of law. This is because there is no question that the act of a state official in the course of his official duties is action under color of state law: "[A] public official acting by virtue of his official capacity always acts under color of state statute or other law, whether or not he overtly relies on that authority to support his action, and whether or not that action violates the law.

V.    State Official Acting Under Color of State Law-Matter in Dispute

The plaintiff claims that the defendant was acting under color of the law of the State of Michigan/City of Ecorse when the defendant allegedly deprived the plaintiff
of his constitutional rights to under the Fifth and 14th Amendment].
In order for an act to be under color of state law, the act must be of such nature and committed under such circumstances that it would not have occurred except for the fact that the defendant was clothed with the authority of the

85

state-that is to say, the defendant must have purported or pretended to be lawfully exercising his official power while in reality abusing it. The act of a state official in pursuit of his personal aims that is not accomplished by virtue of his state authority is not action under color of state law merely because the individual happens to be a state (officer).

VI.
CIVIL RIGHTS-42 USC §* 1981-1985

-Second Element-Deprivation of Right.

General Instruction

The second element of plaintiff's claim is that he was deprived of a federal right by the defendant. In order for the plaintiff to establish the second element, he must show these things by a preponderance of the evidence: first, that the defendant committed the acts alleged by plaintiff; second, that those acts caused the plaintiff to suffer the loss of a federal right; and, third, that, in performing the acts alleged, the defendant acted with wrongful intent.

VII.      Specific Issues of Causation.

Proximate Cause-Generally

The third element which plaintiff must prove is that the defendant's acts were a proximate cause of the injuries sustained by the plaintiff. Proximate cause means that there must be a sufficient causal connection between the act or omission of a defendant and any injury or damage sustained by the plaintiff. An act or omission is a proximate cause if it was a substantial factor in bringing about or actually causing injury, that is, if the injury or damage was a reasonably foreseeable consequence of the defendant's act or omission. If an injury was a direct result or a reasonably probable consequence of a defendant's act or omission, it was proximately caused by such act or omission. In other words, if a defendant's act or omission had such an effect in producing the injury that reasonable persons would regard it as being a cause of the injury, then the act or omission is a proximate cause.

86

In order to recover damages for any injury, the plaintiff must show by a preponderance of the evidence that such injury would not have occurred without the conduct of the defendant. If you find that the defendant has proved, by a preponderance of the evidence, that the plaintiff complains about an injury which would have occurred even in the absence of the defendant's conduct, you must find that the defendant did not proximately cause plaintiff's injury.

A proximate cause need not always be the nearest cause either in time or in space. In addition, there may be more than one proximate cause of an injury or damage. Many factors or the conduct of two or more people may operate at the same time, either independently or together, to cause an injury.

A defendant is not liable if plaintiff's injury was caused by a new or independent source of an injury which intervenes between the defendant's act or omission and the plaintiff's injury and which produces a result which was not reasonably foreseeable by the defendant.

VIII.   CIVIL RIGHTS-42 USC §~ 1981-1985

Supervisory Officials

If you find that the conduct of the subordinate (or supervised person) denied the plaintiff a right guaranteed by federal law, you must consider whether the supervisor (or supervisory official) caused that conduct. If the supervisor did cause the conduct, then he is liable under section 1983 for the denial of plaintiff's constitutional right.

The standards for assessing whether the supervisor proximately caused plaintiff's constitutional injury are different from the standards for assessing the subordinate's liability. If the subordinate denied plaintiff a constitutional right, a supervisor is not liable for such a denial simply because of the supervisory relationship.

But there are circumstances under which you may find that the supervisor has caused plaintiff's injury, and thus is liable for the illegal conduct of the subordinate. Two such circumstances exist. First, if you find that the supervisor has done something affirmative to cause the injury to the plaintiff-for example, by directing the subordinate to do the acts in question-you should find that the supervisor caused the injury. Second, if you find that the supervisor failed to carry out his duty to oversee the
subordinate, knowing that his failure to do so probably would cause a deprivation of the plaintiff's rights by the subordinate, you should find that the supervisor caused the injury. A finding of either circumstance is enough to establish that the supervisor caused the injury. I will explain each of these in detail.

To find that the supervisor did something affirmative to cause injury to the plaintiff, you must find by a preponderance of the evidence that the supervisor was personally involved in the conduct that caused plaintiff's injury. Personal involvement does not mean only that the defendant supervisor directly, with his own hands, deprived plaintiff of his rights. The law recognizes that the supervisor can act through others, setting in motion a
series of acts by subordinates that the supervisor knows, or reasonably should know, would cause the subordinates to inflict the constitutional injury. Thus, plaintiff meets his burden of proof as to the personal involvement of the supervisor in the subordinate's conduct if he proves by a preponderance of the evidence that the deprivation of his right took place at the supervisor's direction, or with the supervisor's knowledge, acquiescence or consent. The supervisor may give his consent expressly or his consent may be implied because of his knowledge of or acquiescence in the subordinate's unconstitutional conduct.

87

In the absence of personal involvement, you may still find that the, supervisor caused the injury to the plaintiff if you find that he failed to carry out his duty to oversee the subordinate. To make such a finding, you must conclude by a preponderance of the evidence that the supervisor had a duty to oversee the subordinate, that he grossly disregarded that duty, and that a reasonable person in the supervisor's position would have known that his dereliction of duty probably would cause a deprivation

IX. Municipalities-Statute, Ordinance or Regulation

In this case, it has been shown that there was a statute (or ordinance or regulation) authorizing the action which forms the basis of the plaintiff's complaint. I instruct you that that is a sufficient basis for finding that the municipality caused the action at issue.

X.   Municipalities-practice and Custom

Whether an official practice or custom exists is a question of fact for you to determine. A practice or custom is a persistent, widespread course of conduct by municipal officials (or employees) that has become a traditional way of carrying out policy, and has acquired the force of law, even though the municipality has not formally adopted or announced the custom.

XI.   Damages.

Compensatory Damages

Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not the defendant should be held liable.
If you return a verdict for the plaintiff, then you must consider the issue of actual damages. If you return a verdict for the plaintiff, then you must award him such sum of money as you believe will fairly and justly If you compensate him

88

for any injury you believe he actually sustained as a direct consequence of the
conduct of the defendant.
You shall award actual damages only for those injuries which you find that
plaintiff has proven by a preponderance of the evidence. Moreover, you shall
award actual damages only for those injuries which you find plaintiff has proven
by a preponderance of evidence to have been the direct result of conduct by the
defendant in violation of section 1983. That is, you may not simply award actual
damages for any injury suffered by plaintiff-you must award actual damages only
for those injuries that are a direct result of actions by this defendant and that
are a direct result of conduct by defendant which violated plaintiff's federal
rights under color of law.
Actual damages must not be based on speculation or sympathy. They must be based
on the evidence presented at trial, and only on that evidence.

XII.    Municipalities Attributing the Policy, Practice or Custom to the
Municipality

The [governing body] of the municipality or an official or body to whom the
[governing body] has delegated final policymaking authority [or who are given
such powers by the municipal charter] are policymaking entities or officials
whose actions can be said to represent a decision of the government itself. The
[governing body] or the [policymaking official] may cause injury by direct
orders, by ratifying a subordinate's decision and the basis for it, or by
establishing a policy for municipal employees that, when followed by those
employees, results in the injury.

I instruct you that [name particular officials or governmental bodies] are
policymaking officials whose actions may be attributed to the municipality.

XII.   Damages for the Mere Fact of Violation

If you return a verdict for the plaintiff, but find that plaintiff has failed to
prove by a preponderance of the evidence that he suffered any actual damages,
then you must return an award of damages in some nominal or token amount not to
exceed the sum of one dollar.

Nominal damages must be awarded when the plaintiff has been deprived by defendant
of a constitutional right but has suffered no actual damage as a natural
consequence of that deprivation. The mere fact that a constitutional deprivation
occurred is an injury to the person entitled to enjoy that right, even when no
actual damages flow from the deprivation. Therefore, if you find that plaintiff
has suffered no injury as a result of the defendant's conduct other than the fact
of a constitutional deprivation, you must award nominal damages not to exceed one
dollar. The jury must award nominal damages when plaintiff proves deprivation of

a fundamental constitutional right under circumstances that preclude a finding of actual damages as compensation for an injury susceptible to measurable monetary damages.'

A nominal damages instruction is appropriate only when the circumstances of the constitutional violation preclude an award of actual damages. Where actual damages are susceptible of proof, a nominal damage instruction is unwarranted.


XIII -- Causation and Damages

I have said that you may award damages only for those injuries which you find the plaintiff has proven by a preponderance of evidence to have been the direct result of conduct by the defendant in violation of section 1983. You must distinguish between, on the one hand, the existence of a violation of the plaintiff's rights and, on the other hand, the existence of injuries naturally resulting from that violation. Thus, even if you find that the defendant deprived the plaintiff of his rights in violation of section 1983, you must ask whether the plaintiff has proven by a preponderance of evidence that the deprivation caused the damages that he claims to have suffered.

(The defendant may avoid damages if he can show that, even absent the deprivation of procedural due process alleged by the plaintiff, he, the defendant, would have reached the same decision with regard to the plaintiff and, therefore, that, even absent the deprivation of procedural due process alleged by the plaintiff, the plaintiff would have suffered the same harm. The burden is on the defendant to prove that he would have reached the same decision at the time of the violation of the plaintiff's rights; the defendant may not rely upon factors discovered by him after the decision was made to prove that he would have reached the same decision at the time of the violation.)

(If you find that the damages suffered by the plaintiff were partly the result of conduct by the defendant that was legal and partly the result of conduct by him that was illegal, you must apportion the damages between the legal and illegal conduct—that is, you must assess the relative importance of the legal and the illegal conduct and allocate the damages accordingly.)


XIV.  Exemplary or Punitive Damages

If you award the plaintiff actual damages, then you may also make him a separate and additional award of exemplary or punitive damages. You may also make an award of punitive damages even though you find that plaintiff has failed to establish actual damages. Punitive damages are awarded, in the discretion of the jury, to punish a defendant for extreme or outrageous conduct, or to deter or prevent a defendant and others like him from committing such conduct in the future.

You may award the plaintiff punitive damages if you find that the acts or omissions of the defendant were done maliciously or wantonly. An act or failure

to act is maliciously done if it is prompted by ill will or spite towards the injured person. An act or failure to act is wanton if done in a reckless or callous disregard of, or indifference to, the rights of the injured person. The plaintiff has the burden of proving, by a preponderance of the evidence, that defendant acted maliciously or wantonly with regard to the plaintiff's rights. An intent to injure exists when the defendant has a conscious desire to violate federal rights of which he is aware, or when the defendant has a conscious desire to injure plaintiff in a manner he knows to be unlawful. A conscious desire to perform the physical acts that caused plaintiff's injury, or to fail to undertake certain acts, does not by itself establish that defendant has a conscious desire to violate rights or injure plaintiff unlawfully.

If you find by a preponderance of the evidence that the defendant acted with malicious intent to violate the plaintiff's federal rights or unlawfully injure him or if you find that defendant acted with a callous or reckless disregard of the plaintiff's rights, then you may award punitive damages. An award of punitive damages, however, is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them.

In making this decision, you should consider the underlying purpose of punitive damages. Punitive damages are awarded in the jury's discretion to punish a defendant for outrageous conduct or to deter him and others like him from performing similar conduct in the future. Thus, in deciding whether to award punitive damages, you should consider whether defendant may be adequately punished by an award of actual damages only, or whether the conduct is so extreme and outrageous that actual damages are inadequate to punish the wrongful conduct. You should also consider whether actual damages standing alone are likely to deter or prevent this defendant from again performing any wrongful acts he may have performed, or whether punitive damages are necessary to provide deterrence. Finally, you should consider whether punitive damages are likely to deter or prevent other persons from performing wrongful acts similar to those defendant may have committed.
If you decide to award punitive damages, these same purposes should be considered by you in determining the appropriate sum of money to be awarded as punitive damages. That is, in fixing the sum to be awarded, you should consider the degree to which defendant should be punished for his wrongful conduct, and the degree to which an award of one sum pr another will deter defendant or persons like him from committing wrongful acts in the future.
The extent to which a particular sum of money will adequately punish a defendant, and the extent to which a particular sum will adequately deter or prevent future misconduct, may depend upon the financial resources of the defendant against which damages are awarded. Therefore, if you find that punitive damages should be awarded against the defendant, you may consider the financial resources of the defendant in fixing the amount of such damages.

XV.   The Statute

The law to be applied in this case is the federal civil rights law which provides a remedy for individuals (or other entities) who have been deprived of their constitutional (or statutory) rights under color of state law.

Section 1983 of Title 42 of the United States Code states:

Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

XVI.   Purpose of the Statute

Section 1983 creates a form of liability in favor of persons who have been deprived of rights, privileges and immunities secured to them by the United States Constitution and federal statutes. Before section 1983 was enacted in 1871, people so injured were not able to sue state officials or persons acting under color of state law for money damages in federal court. In enacting the statute, Congress intended to create a remedy as broad as the protection provided by the Fourteenth Amendment and federal laws.

Section 1983 was enacted to give people a federal remedy enforceable in federal court because it was feared that adequate protection of federal rights might not be available in state courts.

XVII.          To establish an unconstitutional taking without just compensation in violation of the Fifth Amendment of the United States Constitution the Plaintiff must establish:

1.
Defendants interfered with the use and enjoyment of property interests which is protected by the due process clause of the United States Constitution.

2.
If you find that the course of conduct undertaken by Defendant with the intent to

harm and restrain the Plaintiff's ability to utilize his property, you must find
for the Plaintiff.


XVII.
 A Temporary taking under the Fifth Amendment is not different from a permanent
taking If you find a taking has occurred, the United States Constitution requires
compensation.


XVIII.          Municipal action can be construed as a taking if it deprives the
owner of the economical viable use of property.


XIX.
Substantive due process claim can be established by a temporary taking or by the
conduct of self-dealing, bias or interference the use and enjoyment of property,
or intent to harm and restraining their ability to utilize the property.


XX.        State of Mind₋ Recklessness

       An act is reckless if done in Conscious disregard of its known probable consequences.

In determining whether the defendant(s) acted with the requisite recklessness, you should

remember that while witnesses may see and hear and so be able to give direct evidence of what

a person does or fails to do, there is no way to look into a person's mind. Therefore, you have to

depend  on what was done and what the people involved said was in their minds and your belief

or disbelief with respect to those facts.


XXI.      Municipalities₋ General Instruction

93

The fact that an employee of a municipality deprived the plaintiff of a federal right is not alone a sufficient basis for holding the municipality liable to the plaintiff. Before you can hold the municipality liable, the plaintiff must establish by a preponderance of the evidence that the action of the employee which deprived him of his federal right was the result of "official policy" of the municipality or a governmental custom, even though such a custom has not received formal approval through the body's official decision making channels. Thus, before you can hold the municipality liable, you must be convinced that the acts in question were officially sanctioned or ordered by the municipality.

There is no requirement however; that the action was taken pursuant to the longstanding or regularly applied policy of the municipality. A government frequently chooses a course of action tailored to a particular situation. Even if you determine that the particular policy was established for a single occasion, you may still find that it represented an official policy of the municipality, provided that a deliberate choice to follow a course of action was made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question.

XXI.                         Expert Witnesses– Generally

In this case, I have permitted certain witnesses to express their opinions about matters that are in issue. A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill experience ands training. Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the filed can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness' qualifications, his or her opinion, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony. You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion. Nor should you substitute it for you own reason, judgment and common sense. The determination of the facts in this case rests solely with you.

**APPENDIX C**

The Statute

      The law to be applied in this case is the federal civil rights law which provides a remedy for individuals (or other entities) who have been deprived of their constitutional (or statutory) rights under color of state law.

      Section 1983 of Title 42 of the United States Code states:

      Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Purpose of the Statute

Section 1983 creates a form of liability in favor of persons who have been deprived of rights, privileges and immunities secured to them by the United States Constitution and federal statutes.  Before Section 1983 was enacted in 1871, people so injured were not able to sue state officials or persons acting under color of state law for money damages in federal court.  In enacting the statute, Congress intended to create a remedy as broad as the protection provided by the Fourteenth Amendment and federal laws.

Section 1983 was enacted to give people a federal remedy enforceable in federal court because it was feared that adequate protection of federal rights might not be available in state courts.

Burden of Proof

I shall shortly instruct you on the elements of plaintiff's Section 1983 claim, and on the elements of defendant's qualified immunity defense. The plaintiff has the burden of proving each and every element of his Section 1983 claim by a preponderance of the evidence. If you find that anyone of the elements of a plaintiff's Section 1983 claim has not been proven by a preponderance of the evidence, you must return a verdict for the defendant.

The defendant has the burden of proving each element of his affirmative defense. I shall shortly instruct you on the elements of this defense. If you find that any one of the elements of defendant's defense has not been proven by a preponderance of the evidence, you must disregard the defense.

Elements of a Section 1983 Claim

To establish a claim under Section 1983, plaintiff must establish, by a preponderance of the evidence, each of the following three elements:  First, that the conduct complained of was committed by a person acting under color of state law; Second, that this conduct deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States; and Third, that the defendant's acts were the proximate cause of the injuries and consequent damages sustained by the plaintiff.

I shall now examine each of the three elements in greater detail.

First Element – Action Under Color of State Law

The first element of the plaintiff's claim is that the defendant acted under color of state law. The phrase "under color of state law" is a shorthand reference to the words of Section 1983, which includes within its scope action taken under color of any statute, ordinance, regulation, custom or usage, of any state (or territory or the District of Columbia). The term "state" encompasses any political subdivision of a state, such as a county or city, and also any state agencies or a county or city agency.

Action under color of state law means action that is made possible only because the actor is clothed with the authority of the state. Section 1983 forbids action taken under color of state law where the actor misuses power that he possesses by virtue of state law.

An actor may misuse power that he possesses by virtue of state law even if his acts violate state law; what is important is that the defendant was clothed with the authority of state law, and that the defendant's action was made possible by virtue of state law.

State Official Acting Under Color of State Law As a Matter of Law

Whether the defendant committed the acts alleged by the plaintiff is a question of fact for you, the jury, to decide. I will instruct you in a moment on how you will decide that issue. For now, assuming that the defendant did commit those acts, I instruct you that, since the defendant was an official of the State of Michigan/City of Ecorse at the time of the acts in question, he was acting under color of state law. In other words, the first statutory requirement is satisfied.

State Official Acting Under Color of State Law – Matter in Dispute

The plaintiff claims that the defendant was acting under color of the law of the State of Michigan/City of Ecorse when the defendant allegedly deprived the plaintiff of his constitutional rights under the 5ht and 14th Amendment.  In order for an action to be of such nature and committed under such circumstances that it would not have occurred except for the fact that the defendant was clothed with the authority of the state – that is to say, the defendant must have purported or pretended to be lawfully exercising his official power while in reality abusing it.

The act of a state official in pursuit of his personal aims that is not accomplished by virtue of his state authority is not action under color of state law merely because the individual happens to be a state (officer).

102

Second Element – Deprivation of Right

The second element of plaintiff's claim is that he was deprived of a federal right by the defendant. In order for the plaintiff to establish the second element, he must show these things by a preponderance of the evidence:  first, that the defendant committed the acts alleged by plaintiff; second, that those acts caused the plaintiff to suffer the loss of a federal right; and, third, that, in performing the acts alleged, the defendant acted with wrongful intent.

Proximate Cause – Generally

The third element which plaintiff must prove is that the defendant's acts were a proximate cause of the injuries sustained by the plaintiff.  Proximate cause means that there must be a sufficient causal connection between the act or omission of a defendant and any injury or damage between the act or omission of a defendant and any injury or damage sustained by the plaintiff.  An act or omission is a proximate cause if it was a substantial factor in bringing about or actually causing injury, that is, if the injury or damage was a reasonably foreseeable consequence of the defendant's act or omission.  If an injury was a direct result it was proximately caused by such act or omission.  In other words, if a defendant's act or omission had such an effect in producing the injury that reasonable persons would regard it as being a cause of the injury, then the act or omission is a proximate cause.

In order to recover damages for any injury, the plaintiff must show by a preponderance of the evidence that such injury would not have occurred without the conduct of the defendant.  If you find that the defendant has proved, by a preponderance of the evidence, that the plaintiff complains about an injury which would have occurred even in the absence of the defendant's conduct, you must find that the defendant did not proximately cause plaintiff's injury.

A proximate cause need not always be the nearest cause either in time or in space.  In addition, there may be more than one proximate cause of an injury or damage.  Many factors or the conduct of two or more people may operate at the same time, either independently or together, to cause an injury.

A defendant is not liable if plaintiff's injury was caused by a new or independent source or an injury which intervenes between the defendant's act or omission and the plaintiff's injury and which produces a result which was not reasonably foreseeable by the defendant.

104

State of Mind – Recklessness

An act is reckless if done in conscious disregard of its known probable consequences.   In determining whether the defendant(s) acted with the requisite recklessness, you should remember that while witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is no way to look into a person's mind.   Therefore, you have to depend on what was done and what the people involved said was in their minds and your belief or disbelief with respect to those facts.

Supervisory Officials

If you find that the conduct of the subordinate (or supervised person) denied the plaintiff a right guaranteed by federal law, you must consider whether the supervisor (or supervisory official) caused that conduct. If the supervisor did cause the conduct, then he is liable under Section 1983 for the denial of plaintiff's constitutional right.

The standards for assessing whether the supervisor proximately caused plaintiff's constitutional injury are different from the standards for assessing the subordinate's liability. If the subordinate denied plaintiff a constitutional right, a supervisor is not liable for such a denial simply because of the supervisory relationship.

But there are circumstances under which you may find that the supervisor has caused plaintiff's injury, and thus is liable for the illegal conduct of the subordinate. Two such circumstances exist. First, if you find that the supervisor has done something affirmative to cause the injury to the plaintiff – for example, by directing the subordinate to do the acts in question – you should find that the supervisor caused the injury. Second, if you find that the supervisor failed to carry out his duty to oversee the subordinate, knowing that his failure to do so probably would cause a deprivation of the plaintiff's rights by the subordinate, you should find that the supervisor caused the injury. A finding of either circumstance is enough to establish that the supervisor caused the injury. I will explain each of these in detail.

To find that the supervisor did something affirmative to cause injury to the plaintiff, you must find by a preponderance of the evidence that the supervisor was personally involved in the conduct that caused plaintiff's injury. Personal involvement does not mean only that the defendant supervisor directly, with his own hands, deprived plaintiff of his rights. The law recognizes that the supervisor can act through others, setting in motion a series of acts by subordinates that the supervisor knows, or reasonably should know,

106

would cause the subordinates to inflict the constitutional injury.  Thus, plaintiff meets his burden of proof as to the personal involvement of the supervisor in the subordinate's conduct if the proves by a preponderance of the evidence that the deprivation of his right took place at the supervisor's direction, or with the supervisor's knowledge, acquiescence or consent.  The supervisor may give his consent expressly or his consent may be implied because of his knowledge of or acquiescence in the subordinate's unconstitutional conduct.

In the absence of personal involvement, you may still find that the, supervisor caused the injury to the plaintiff if you find that he failed to carry out his duty to oversee the subordinate.  To make such a finding, you must conclude by a preponderance of the evidence that the supervisor had a duty to oversee the subordinate, that he grossly disregarded that duty, and that a reasonable person in the supervisor's position would have known that his dereliction of duty probably would cause a deprivation of rights

Municipalities-Statute, Ordinance or Regulation

In this case, it has been shown that there was a statute (or ordinance or regulation) authorizing the action which forms the basis of the plaintiff's complaint.  I instruct you that that is a sufficient basis for finding that the municipality caused the action at issue.

Municipalities – General Instructions

The fact that an employee of a municipality deprived the plaintiff of a federal right is not alone a sufficient basis for holding the municipality liable to the plaintiff. Before you can hold the municipality liable, the plaintiff must establish by a preponderance of the evidence that the action of the employee which deprived him of his federal right was the result of an "official policy" of the municipality or a governmental custom, even though such a custom has not received formal approval through the body's official decision-making channels. Thus, before you can hold the municipality liable, you must be convinced that the acts in question were officially sanctioned or ordered by the municipality.

There is no requirement, however, that the action was taken pursuant to a long-standing or regularly applied policy of the municipality. A government frequently chooses a course of action tailored to a particular situation. Even if you determine that the particular policy was established for a single occasion, you may still find that it represented an official policy of the municipality, provided that a deliberate choice to follow a course of action was made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question.

109

Municipalities –Practice and Custom

Whether an official practice or custom exists is a question of fact for you to determine. A practice or custom is a persistent, widespread course of conduct by municipal officials (or employees) that has become a traditional way of carrying out policy, and has acquired the force of law, even though the municipality has not formally adopted or announced the custom.

Municipalities – Attributing the Policy, Practice or Custom to the Municipality

The [governing body] of the municipality or an official or body to whom the [governing body] has delegated final policy making authority [or who are given such powers by the municipal charter] are policy making entities or officials whose actions can be said to represent a decision of the government itself. The [governing body] or the [policy making official] may cause injury by direct orders, by ratifying a subordinate's decision and the basis for it, or by establishing a policy for municipal employees that, when followed by those employees, results in the injury.

I instruct you that [name particular officials or governmental bodies] are policy making officials whose actions may be attributed to the municipality.

111

Compensatory Damages

Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not the defendant should be held liable.

If you return a verdict for the plaintiff, then you must consider the issue of actual damages. If you return a verdict for the plaintiff, then you must award him such sum of money as you believe will fairly and justly compensate him for any injury you believe he actually sustained as a direct consequence of the conduct of the defendant. You shall award actual damages only for those injuries which you find that plaintiff has proven by a preponderance of the evidence. Moreover, you shall award actual damages only for those injuries which you find plaintiff has proven by a preponderance of evidence to have been the direct result of conduct by the defendant in violation of Section 1983. That is, you may not simply award actual damages for any injury suffered by plaintiff- you must award actual damages only for those injuries that are a direct result of actions by this defendant and that are a direct result of conduct by defendant which violated plaintiff's federal rights under color of law.

Actual damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial, and only on that evidence.

112

Damages for the Mere Fact of Violation

If you return a verdict for the plaintiff, but find that plaintiff has failed to prove by a preponderance of the evidence that he suffered any actual damages, then you must return an award of damages in some nominal or token amount not to exceed the sum of one dollar.

Nominal damages must be awarded when the plaintiff has been deprived by defendant of a constitutional right but has suffered no actual damage as a natural consequence of that deprivation. The mere fact that a constitutional deprivation occurred is an injury to the person entitled to enjoy that right, even when no actual damages flow from the deprivation. Therefore, if you find that plaintiff has suffered no injury as a result of the defendant's conduct other than the fact of a constitutional deprivation, you must award nominal damages not to exceed one dollar.

Causation and Damages

I have said that you may award damages only for those injuries which you find the plaintiff has proven by a preponderance of evidence to have been a direct result of conduct by the defendant in violation of Section 1983.  You must distinguish between, on the one hand, the existence of a violation of the plaintiff's rights and, on the other hand, the existence of injuries naturally resulting from that violation. Thus, even if you find that the defendant deprived the plaintiff of his rights in violation of Section 1983, you must ask whether the plaintiff has proven by a preponderance of evidence that the deprivation caused the damages that he claims to have suffered.

(The defendant may avoid damages if he can show that, even absent the deprivation of procedural due process alleged by the plaintiff, he, the defendant, would have reached the same decision with regard to the plaintiff and, therefore, that, even absent the deprivation of procedural due process alleged by the plaintiff, the plaintiff would have suffered the same harm.  The burden is on the defendant to prove that he would have reached the same decision at the time of the violation of the plaintiff's rights; the defendant may not rely upon factors discovered by him after the decision was made to prove that he would have reached the same decision at the time of the violation.)

(If you find that the damages suffered by the plaintiff were partly the result of conduct by the defendant that was legal and partly the result of conduct by him that was illegal, you must apportion the damage between the legal and illegal conduct – that is, you must assess the relative importance of the legal and the illegal conduct and allocate the damages accordingly.)

Exemplary or Punitive Damages

If you award the plaintiff actual damages, then you may also make him a separate and additional award of exemplary or punitive damages. You may also make an award of punitive damages even though you find that plaintiff has failed to establish actual damages. Punitive damages are awarded, in the discretion of the jury, to punish a defendant for extreme or outrageous conduct, or to deter or prevent a defendant and other like him from committing such conduct in the future.

You may award the plaintiff punitive damages if you find that the acts or omissions of the defendant were done maliciously or wantonly. An act or failure to act is maliciously done if it is prompted by ill will or spite towards the injured person. An act or failure to act is wanton if done in a reckless or callous disregard – of, or indifference to, the rights of the injured person. The plaintiff has the burden of proving, by a preponderance of the evidence, that defendant acted maliciously or wantonly with regard to the plaintiff's rights.

An intent to injure exists when the defendant has a conscious desire to violate federal rights of which he is aware, or when the defendant has a conscious desire to injure plaintiff in a manner he knows to be unlawful. A conscious desire to perform the physical acts that caused plaintiff's injury, or to fail to undertake certain acts, does not be itself establish that defendant has a conscious desire to violate rights or injure plaintiff unlawfully.

If you find by a preponderance of the evidence that the defendant acted with malicious intent to violate the plaintiff's federal rights or unlawfully injure him or if you find that defendant acted with a callous or reckless disregard of the plaintiff's rights, then you may award punitive damages. An award of punitive damages, however, is discretionary; that is, if you find that the legal requirements for punitive

115

damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them.

In making this decision, you should consider the underlying purpose of punitive damages. Punitive damages are awarded in the jury's discretion to punish a defendant for outrageous conductor to deter him and others like him from performing under similar conduct in the future. Thus, in deciding whether to award punitive damages, you should consider whether defendant may be adequately punished by an award of actual damages only, or whether the conduct is so extreme and outrageous that actual damages are inadequate to punish the wrongful conduct. You should also consider whether actual damages standing alone are likely to deter or prevent this defendant from again performing any wrongful acts he may have performed, or whether punitive damages are necessary to provide deterrence. Finally, you should consider whether punitive damages are likely to deter or prevent other persons from performing wrongful acts similar to those defendant may have committed.

If you decide to award punitive damages, these same purposes should be considered by you in determining the appropriate sum of money to be awarded as punitive damages. That is, in fixing the sum to be awarded, you should consider the degree to which the defendant should be punished for his wrongful conduct, and the degree to which an award of one sum or another will deter defendant or persons like him from committing wrongful acts in the future.

The extent to which a particular sum of money will adequately punish a defendant, and the extent to which a particular sum will adequately deter or prevent future misconduct, may depend upon the financial resources of the defendant against which damages are awarded. Therefore, if you find that punitive damages should be awarded against the defendant, you may consider the financial resources of the defendant in fixing the amount of such damages.

116

117